Battle, J.
 

 The instrument of writing under which the defendant held the slaves in controversy, is neither a mortgage nor a deed in trust, but simply a deed of gift, with a reservation to the donor of a support for life out of the hires of the slaves.
 

 Whatever effect this reservation may have in fixing a charge upon the slaves in the hands of the donee, it cannot alter the nature of the instrument with respect to the operation upon it of the registry law. As a deed of gift of slaves, the 17 th section of 37th chapter of the Revised Statutes, (which rvas the law in force when it was executed) required it to be registered within one year after its execution; but before the year had expired, the act of 1854, ch. 19, extended the time two years longer, within which period it was, in fact, regularly proved and registered. This is a full and complete answer to all the objections founded upon' a want of a proper registration.
 

 
 *66
 
 The only remaining objection is equally untenable. Being a deed of gift of personalty, it operates ywjw’io wycre-at common law by its delivery, to convey tlie title, and does not depend upon tbe effect of the statute of uses, as in the case of lands, to transfer the seisin to a use raised upon a sufficient consideration. If an authority were necessary for this proposition, the case of
 
 Irons
 
 v. Smallpiece, 2 Barn. and Ald. 551 (4 Eng. Com. Law Rep. 635,) is directly in point. There, Abbot, C. J., says, that “ by the law of England, in order to transfer property by gift, there must be either a deed or other instrument of writing, or there must be an actual delivery of the thing to the donee.” This clearly implies that a deed of gift is equivalent to an actual delivery of the thing, and such, we believe, has always been understood to be the law of this State.
 

 Pee Curiam. ' Judgment affirmed.