[Sac. No. 1229. Department One.—June 13, 1904.]

## CATHERINE DRISCOLL, Administratrix, etc., Appellant, v. MARY DRISCOLL, Respondent.

DEED—DELIVERY—PASSAGE OF TITLE—POSSESSION OF GRANTOR FOR LIFE —RECORD AFTER DEATH.—A deed executed and delivered by the grantor to his daughter as grantee, purporting to convey to her certain real property described and the one-third interest of the grantor in the real and personal property of a partnership, passed title thereto as of the time of its delivery, though the grantor remained in possession of all of the property during his life, and the deed was not recorded until after his death.

ID.—CONSIDERATION — PRESUMPTION — BURDEN OF PROOF — SUPPORT OF FINDING.—A consideration for the deed is presumed, and the burden of proof was upon the party assailing it as without consideration. A finding that it was executed for a good and valuable consideration is supported by evidence that the father executed and delivered it to his daughter, and that she paid him one dollar therefor. In the absence of fraud, the amount of the consideration is immaterial; and no specific consideration is required to support a voluntary transfer.

ID.—CONTINUANCE OF POSSESSION OF GRANTOR.—The continuance of the possession of the grantor after the execution and delivery of a deed passing title to the grantee is not a violation of law or an infringement of public policy, and cannot have the effect to revest or restore the ownership of the property in the grantor which had vested in the grantee by the written transfer.

ID.—ACTION BY ADMINISTRATRIX.—The administratrix of the deceased grantor has no interest in the property or right of possession beyond that possessed by the grantor, who had no power to impair the title he had given to his daughter; and the fact that the daughter had permitted the father to represent her interests until his death, and had failed to give prior notice of her interest to the other partners, cannot concern the administratrix of the deceased partner, and she cannot sustain an action to set aside the deed to the daughter and to recover the possession of the personal property.

ID.—TESTAMENTARY DISPOSITION NOT SHOWN.—Where it appears that the deed was executed and delivered to his daughter many years prior to the last illness of the grantor, and was not made in expectation of a speedy death, it cannot be regarded as a gift *causa mortis,* nor as a testamentary disposition, although it was shown that the grantor continued to hold the same relation to the property after the execution of the deed, so far as the outside world was concerned, as before, in the absence of evidence that the deed

was made in pursuance of an agreement therefor, or of an agreement that it was not to take effect until after his death.

ID.— DELIVERY OF PARTNERSHIP PROPERTY — WRITTEN TRANSFER — NOTICE.—The transfer of the interest of the grantor in the partnership property by a written instrument was good as between the parties, without delivery of the property; and the one-third interest therein not being capable of manual delivery, the title thereto passed upon the delivery of the written transfer thereof as between the parties, which, without any other delivery, vested in the grantee the right to an accounting of the partnership assets, and no immediate notice of the transfer was required to be given to the other partners.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Peter J. Shields, Judge.

The facts are stated in the opinion.

Frank D. Ryan, James B. Devine, and M. S. Wahrhaftig, for Appellant.

There being no delivery of the subject of the transfer, there was no gift of the personal property *inter vivos.* (*Dow* v. *Gould etc. Co.,* 31 Cal. 652; *Zeller* v. *Jordan,* 105 Cal. 143; *Denigan* v. *Hibernia etc. Society,* 127 Cal. 141; *Knight* v. *Tripp,* 121 Cal. 678; *Cutting* v. *Gilman,* 41 N. H. 147; *Huntington* v. *Gilmore,* 14 Barb. 243.)   A gift not to take effect until after death is testamentary, and leaves the subject-matter a part of the estate of the deceased. (*Daniel* v. *Smith,* 64 Cal. 349, S. C. 75 Cal. 548; *Knight* v. *Tripp,* 121 Cal. 674; *Basket* v. *Hassell,* 107 U. S. 602.)   The partnership property could not be assigned by one partner without terminating the partnership. (Civ. Code, sec. 2450, subd. 4; Collier on Partnership, 6th ed., sec. 104.)

Devlin & Devlin, for Respondent.

The finding and evidence establish a consideration for the deed, and not a mere gift. (Civ. Code, secs. 614, 1618, 1721, 1739; *Lawrence* v. *McCalmont,* 2 How. 426; *Davis* v. *Wells,* 104 U. S. 167; *Bolling* v. *Munchus,* 65 Ala. 561; *Olds* v. *Marshall,* 93 Ala. 141.)   Manual delivery is not required to sustain an assignment of an interest in a partnership. (Bates on Partnership, sec. 548; 1 Lindley on Partnership, pp. 339

et seq., 363 et seq., 427 et seq.; *Miller* v. *Brigham,* 50 Cal. 615.)

HARRISON, C.—In May, 1897, John Driscoll was a member of the partnership of Root, Neilson & Co., composed of H. F. Root, Alexander Neilson, and himself, and made and acknowledged before a notary public, and delivered to his daughter, Mary G. Driscoll, the defendant herein, the following instrument:—

"Know all men by these presents: That I, John Driscoll, of the city of Sacramento, county of Sacramento, and state of California, hereby grant to my daughter, Mary G. Driscoll, the following described real and personal property:

"The west sixty (60) feet of lot two (2), in the block bounded by L and M and Eighth and Ninth streets, of the city of Sacramento, together with all the improvements thereon;

"Also an undivided one-third interest in and to lot number two (2), and the north thirty-five (35) feet of lot number three (3), in the block bounded by N and O and Front and Second streets, in said city of Sacramento, together with the improvements thereon;

"I also hereby assign, sell, transfer and deliver to my said daughter my undivided one-third interest in the firm of Root, Neilson & Co., including all the personal property of said firm, consisting of machinery, tools, iron and other property situated in the foundry and machine-shop of said firm on said lot two, and the north 35 feet of lot three (3), in the block between Front and Second and N and O streets, Sacramento City, together with my interest in the book accounts and notes owing to said firm and the good-will of the business of said firm.

"Said property above conveyed by me, is all my separate property, having been acquired by me prior to my marriage to my present wife.

"In witness whereof, I have hereunto set my hand and seal this 25th day of May, 1897.      JOHN DRISCOLL.

"Signed and delivered in presence of Adolph Heilbron."

After receiving the instrument, the defendant delivered it to Adolph Heilbron for safekeeping, who retained custody of it until after the death of Mr. Driscoll, when he delivered it

to the defendant, and she caused it to be recorded in the office of the county recorder. Neither the defendant nor her father informed the other members of the copartnership of the execution of the instrument, but Mr. Driscoll continued his relation with them, and to act as a member of the firm in the same manner as before its execution until his death in 1902. After his death the plaintiff (his widow) was appointed special administratrix of his estate, and commenced the present action against the defendant, alleging in her complaint the execution of the above instrument; that the same was made without consideration, and was not delivered by Driscoll in his lifetime; that possession of the personal property therein was not delivered to the defendant in the lifetime of her father, but was retained by him until his death; that after his death the defendant obtained possession of the instrument and caused it to be recorded, and by virtue thereof took possession of the personal property and withholds the same from the plaintiff, and claims to be its owner. She thereupon prayed for a recovery of the possession of the personal property or its value, and that the above instrument be set aside and declared null and void.

Upon the trial of the cause the court found that the instrument was executed to the defendant for a good and valuable consideration, and was delivered to her by her father on the day of its execution, and that she thereby became the owner and entitled to the possession of the copartnership interest of her father in the assets of the partnership, and that the plaintiff has no right or interest therein. From the judgment entered thereon and an order denying a new trial the plaintiff has appealed.

It is contended on the part of the plaintiff that it appears from the evidence that the instrument was executed without any consideration, and was therefore intended as a gift; that the gift of the personalty was not to take effect until after the death of the father, but that he was to retain its possession and control during his lifetime; that the instrument was therefore of a testamentary character, and for that reason void; that whether the transaction between the father and the defendant be regarded as a gift *inter vivos* or as a gift *causa mortis,* it was ineffective for the reason that there was no delivery to the defendant of the possession of the

property during the lifetime of her father, and that at the time of his death it formed a portion of his estate, which the appellant, as the administratrix thereof, is entitled to recover.

The instrument was made many years prior to the last illness of Mr. Driscoll, and there is no evidence that at the time he made it he was in contemplation or fear of death, or that he made it with intent that it should take effect only in case of his death; and the circumstances under which it was made fully refute any claim that it was made in expectation of speedy death. It cannot therefore be regarded as intended for a gift *causa mortis*.

Neither can the instrument be regarded as a testamentary disposition of the property, or that it was so intended by him. It is very probable that he intended by it to make some provision for his daughter that would be available for her support in case of his death,—the character of the instrument and the circumstances under which it was made lead to that inference. All gifts of property from a parent to a child are subject to the same inference; but such provision is not of a testamentary character, or for that reason to be held invalid; and although it was shown that after the execution of the instrument he continued to hold the same relation to the property so far as the outside world was concerned as before, there was no evidence that the instrument was made in pursuance of an agreement therefor, or that it was not to take effect until after his death, or that anything of that character was said at the time of its execution. On the day of its execution Driscoll and his daughter went with Mr. Heilbron to the office of the notary in pursuance of a previous appointment for the express purpose of making the instrument. What Mr. Driscoll said at that interview is not very fully shown. The notary testified that he fully explained to him that if he made the deed it would be an absolute transfer, and the property would pass out of his hands, and he would have no right or control of it or right of revocation; that he explained to him that in order to be effectual the deed must be delivered to the defendant, and that he would have no right to set it aside; that thereupon, after it had been executed, Driscoll delivered it to the defendant. The defendant testified that her father delivered the deed to her in the notary's

office; that there was no condition attached, and no agreement or bargain between herself and her father. This testimony was uncontradicted, as was also the testimony that, after Driscoll had delivered the instrument to the defendant, she placed it in the hands of Mr. Heilbron for safe-keeping, and that he continued to be its custodian until after the death of Driscoll; nor was there any evidence qualifying or impairing the effect of this testimony. The court was therefore fully justified in making the above finding in reference to the execution of the instrument. Upon the face of the instrument it purported to be a grant to the defendant *in præsenti* of the property described therein, and as there was no evidence of any matter connected with the transaction which in any respect qualifies or limits its legal effect, the only function of the court was to give effect to its terms, and to declare that the defendant became thereby vested with the entire interest of her father in the property described in the instrument.

The finding that the instrument was executed for a good and valuable consideration was also authorized by the evidence. Being in writing, a sufficient consideration was presumed (Civ. Code, sec. 1614) ; and if the plaintiff would seek to avoid it for want of consideration, the burden of showing such fact was upon her. (Civ. Code, sec. 1615.) If the transaction is to be regarded as a voluntary transfer, no consideration was necessary for its validity. (Civ. Code, sec. 1040.) The plaintiff not only failed to show a want of consideration, but she did not even attempt to make such showing, and it affirmatively appears that upon the suggestion of the notary the defendant gave to her father a dollar as a consideration for the deed. In the absence of any imputation of fraud the amount of the consideration for a deed is immaterial. (Chitty on Contracts, 29; *Lawrence* v. *McCalmont,* 2 How. 452.)

The chief ground upon which the appellant seems to rely for a reversal of the judgment is, that there was no delivery of the property to the defendant during the lifetime of her father. A sale of personal property is, however, good as between the parties whether the possession be delivered or not; want of delivery renders it void only as to creditors and subsequent purchasers. (*Visher* v. *Webster,* 13 Cal. 58; Benjamin on Sales, sec. 308.)

If, however, the transaction between the defendant and

her father could be considered as a voluntary transfer or gift from him to her, the same result would follow. The provision in section 1147 of the Civil Code making a delivery essential to the validity of a gift is limited to "verbal" gifts, and requires an actual delivery only when the thing given "is capable of delivery." "Delivery in this, as in every other case, must be according to the nature of the thing. It must be an actual delivery, so far as the subject is capable of delivery. It must be *secundum subjectam materiam,* and be the true and effectual way of obtaining the command and dominion of the subject. If the thing be not capable of actual delivery, there must be some act equivalent to it. The donor must part not only with the possession, but with the dominion of the property. If the thing given be a chose in action, the law requires an assignment, or some equivalent instrument, and the transfer must be actually executed." (2 Kent's Commentaries, *439.) If the property is not in the possession of the donor, his execution and delivery of a deed or assignment thereof is an efficient mode of parting with his dominion over the property, since he thereby gives the means of obtaining possession and control of the thing given. A chose in action—"a right to recover money or other personal property by a judicial proceeding" (Civ. Code, sec. 953)—is not susceptible of manual delivery, but such property is not for that reason incapable of being made the subject of a gift. The interest of one partner in the assets of the partnership does not entitle him to the exclusive possession of any particular portion of such assets, and a transfer by him to another of such interest does not give to the transferee the right to the possession of any portion of the partnership property, but merely a right to an accounting with the other members of the partnership, and upon a settlement of its affairs to receive the share to which the partner would have been entitled. (*Miller* v. *Brigham,* 50 Cal. 615.) "Where a partner sells or assigns his share to a third person in a partnership, change of possession is not possible, and manual delivery is not essential to the validity of the conveyance. The parties are not tenants in common, but the assignment conveys a right in the nature of a chose in action not capable of delivery, and notice of an assignment to the holder of the fund or to third persons is all that is essential, and even that, as between

the assignor and the assignee, is not necessary.'' (Bates on Partnership, sec. 548.) Under the common law a gift of personalty effected by a deed operated *proprio vigore* to vest the donee with the title to the property upon the delivery of the deed without a delivery of the thing given. In the words of Abbott, C. J., in *Irons* v. *Smallpiece,* 2 Barn. & Ald. 551, ''A party cannot avoid his own voluntary deed, although he may his own voluntary promise.'' (See, also, *Ward* v. *Audland,* 16 Mees. & W. 862; *Kekewich* v. *Manning,* 1 De Gex, M. & G. 176.) The same rule is declared in *McCutchen* v. *McCutchen,* 9 Port. 650; *Horn* v. *Gartman,* 1 Fla. 63, 86; *Gordon* v. *Wilson,* 49 N. C. (4 Jones) 64; *Harmon* v. *State,* 9 Gill. 440; *Sanborn* v. *Goodhue,* 28 N. H. 48;[1] *McEwen* v. *Troost,* 1 Sneed, 186; Thornton on Gifts and Advancements, secs. 189, 294. ''To transfer property by gift, there must be a deed or instrument of gift, *or* there must be an actual delivery of the thing to the donee. Both are not requisite.'' (*Wyche* v. *Greene,* 11 Ga. 159.) ''Where a gift *inter vivos* is perfected by delivery of possession of the thing *or delivery of a deed of gift* it is complete, although made without any consideration.'' (*Fulton* v. *Fulton,* 48 Barb. 590.) ''A transfer of a claim or chose in action by a written instrument under seal, duly executed, has the effect to divest the title of the donor in the assigned property, and has the same effect as an actual delivery. The delivery of the assignment is deemed a delivery of the property conveyed.'' (*Matson* v. *Abbey,* 70 Hun, 475.) In *Hope* v. *Hutchins,* 9 Gill. & J. 77, where a mother had made a deed of gift to her daughter in which she reserved the right to the use and enjoyment of the property given during her natural life, the court held that the legal title passed upon the execution of the deed. A similar rule was declared in *Banks* v. *Marksberry,* 3 Litt. 275. A distinction is to be noted between reserving a right to the use of the property given and reserving the property itself until a future time.

There is no statutory requirement in this state that a gift which is effected by an executed grant shall be accompanied by a delivery of the property given, and, as between the parties to the transaction, there is no violation of law or infringement of public policy, if the donor, after he has executed the instrument of gift, shall retain possession of the

[1] 59 Am. Dec. 398.

property. A gift is declared by section 1146 of the Civil Code to be, "a transfer of personal property," which, if made in writing, is by section 1053 called a "grant, or conveyance, or bill of sale"; and by section 1083 "vests in the transferee all the actual title to the thing transferred which the transferrer then has unless a different intention is expressed or is necessarily implied." As under section 1053 of the Civil Code this provision applies to personal as well as real property, the interest intended to be transferred is, under section 1054 of the Civil Code vested in the transferrer upon the donor's delivery of the grant. Under these provisions it follows that upon the delivery by Mr. Driscoll to the defendant, May 27, 1897, of the instrument then executed by him, she became vested with all the interest which he then had in the property described in the grant.

The conduct of the defendant or of her father with reference to the property after she had become vested with the title thereto did not have the effect to restore this ownership to him, and the plaintiff herein has no interest in the property, or right to its possession, except such as Mr. Driscoll had at the time of his death. It was not in his power, after he had parted with the title, either by his silence or by any act or declaration on his part, to impair the title which he had given to the defendant, and whether the defendant notified the other members of the partnership of her ownership or concealed the fact from them, as well as whether she thereupon sought an immediate accounting and winding up of the affairs of the partnership, or suffered her father to continue his relation to that firm and to represent her interests therein until the time of his death, were matters in which the other members of the firm might acquiesce, or to which they might object, but they were matters in which the plaintiff had no concern, and which do not confer upon her any right to the possession of the property.

Certain rulings of the court upon the admission of testimony offered at the trial were excepted to by the appellant, but upon an examination of the record we are satisfied that the plaintiff did not sustain any injury thereby.

The judgment and order denying a new trial should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Van Dyke, J., Shaw, J., Angellotti, J.

Hearing in Bank denied.