[Civ. No. 113.  Third Appellate District.—December 6, 1905.]

AMBROSE DANERI, Administrator of Estate of JOHN DANERI, Deceased, Respondent, v. JAMES S. GAZZOLA, Administrator of Estate of JOHN B. GAZZOLA, Deceased, et al., Appellants.

ACTION BY ADMINISTRATOR UPON NOTE—DEFENSE—GRANT BY DECEASED TO WIFE—PRESUMPTION OF DELIVERY—REBUTTING PROOF.—Where the defense to an action by an administrator upon a note was that all of the property of the deceased was in his lifetime granted to his wife, including the note sued upon, the presumption from the execution of the grant that it was delivered at its date may be controverted, and is overcome by proof that the scrivener was directed thereafter to insert an omitted description, and return the deed to the grantor, that it was inserted after his death, and the deed was then recorded by the scrivener, and that it was never in fact delivered by the grantor to the grantee, or to anyone for her.

ID.—NOTE NOT ASSIGNED TO WIFE.—Whatever claim the widow could have to the note, being based only upon the deed which was not completed nor delivered by the grantor in his lifetime, cannot be held to come from the operation of the deed as an assignment of the note to her as a chose in action.

ID.—SPECIAL ADMISSION OF DELIVERY ON FORMER TRIAL—ERRONEOUS RULINGS—MISTAKE OF FACTS—PERMITTED WITHDRAWAL—PLAINTIFF NOT ESTOPPED.—A special admission by plaintiff of the execution and delivery of the deed, made upon the former trial, in ignorance and mistake as to the facts, and made only with reference to a sustained demurrer to the defense, and the exclusion of the deed from evidence, which were held erroneous upon appeal, was properly permitted to be withdrawn before the second trial in the exercise of the court's discretion, and plaintiff is not estopped upon such trial from showing the true facts in rebuttal of the defense.

ID.—INTERVENING DEATH OF SCRIVENER—WITHDRAWAL OF ADMISSION NOT AFFECTED—PRESUMPTION.—The intervening death of the scrivener cannot operate to affect or prevent the withdrawal of the admission where there is no showing or presumption that his evidence, if living, would contradict the other witnesses, who testified to the facts in regard to the noncompletion and nondelivery of the deed in the lifetime of the deceased grantor.

APPEAL from a judgment of the Superior Court of Mariposa County, and from an order denying a new trial.  J. J. Trabucco, Judge.

The facts are stated in the opinion of the court.

J. L. Maddux, and John A. Wall, for Appellants.

Congdon & Congdon, for Respondent.

CHIPMAN, P. J.—Action on a promissory note executed by John B. Gazzola in his lifetime as principal, and defendants as sureties, and delivered to plaintiff's intestate as payee. Defendant Cuneo died before service of summons, and his representative was not made a party. The action was originally commenced in the name of John Daneri, but before the trial he died, and plaintiff was substituted in his stead. Defendant John B. Gazzola died pending an appeal to the supreme court from the judgment given at the first trial, and by supplemental complaint his administrator was substituted in his stead. At the first trial the court sustained a demurrer to certain defenses interposed by answer of defendants. This was held error and a new trial ordered. (139 Cal. 416, [73 Pac. 179].) At the second trial plaintiff had judgment, from which, and from the order denying their motion for new trial, defendants appeal.

The principal defense made and now urged is that plaintiff's intestate had, before his death, conveyed all his property, including the note in question, to his wife, Angella, and that the administrator could not maintain the action, as the note did not belong to the estate, but was the property of Angella Daneri. This contention rests upon the presumption that the deed of conveyance was deemed executed and delivered (Civ. Code, sec. 1055), and on the admissions made by plaintiff's attorneys at the first trial that the deed was duly executed and delivered. It appears that some twenty days before his death plaintiff's intestate, being then mortally ill, was informed by the attending physician, Dr. Wheeler, that he could not recover, and was by him advised to make such disposition of his business as he thought proper. Deceased accordingly told Dr. Wheeler to send for one Murphy, a justice of the peace, who came the same day (December 5, 1899), and at the request of deceased Murphy prepared the deed in question, it being entirely in his handwriting except the signature. Ambrose Daneri, son of the deceased, testified: "Mr. Murphy came December 5, 1899. At the direction of my father Mr. Murphy prepared the deed you have shown me and the deed

was all completed before Murphy went away, excepting the description (describing certain land). Before Murphy left my father signed his name to the deed and acknowledged the same. The witnesses also signed at the same time. My father told Murphy to get the description in the deed, and then Murphy was to return the deed to my father—my father never saw the deed again. . . . Shortly after his death I obtained the description I have designated and gave it to Mr. Murphy, who inserted the same in the deed, put the necessary stamps on the paper, and also his acknowledgment, and sent the deed to Mr. Bondshu, the recorder of Mariposa county. A few weeks afterward I received the deed by mail from Mr. Murphy." The widow of deceased testified that the deed was not delivered to her, that she never saw it until shown her at the trial, and that she knew nothing about the note. Deceased died December 25, 1899, and the deed was indorsed: "Filed for record at the request of J. S. Murphy, Jan. 29th, A. D. 1900." It was understood by the family of deceased that he had deeded all his property to his wife Angella.

The statement on motion for new trial made on the first appeal was offered in evidence by defendants for the "particular purpose of showing that at the former trial the plaintiff admitted in open court that the deed dated December 5, 1899, by John Daneri to Angella Daneri, was duly made, executed, and delivered by said John Daneri." By this statement it appears that, when defendants offered the deed in evidence, plaintiff objected as irrelevant, incompetent, and immaterial, which objection was sustained. The record then shows that before the ruling of the court "it was admitted that the instrument was duly executed and delivered by the said John Daneri, and that there was no objection to the introduction of the instrument on the ground that the proper foundation was not laid." Before the second trial was commenced plaintiff gave notice of a motion for leave to file a second supplemental complaint, and the notice stated as follows: "The plaintiff hereby gives notice that the plaintiff will not make any admission or renew any admission heretofore made as to evidence." When the statement on motion for new trial on the first appeal was offered, counsel for plaintiff asked and obtained permission to state the facts as to the admission made at the first trial. Attention was called

2 Cal. App.—23

to the above notice given twenty-two days before the second trial, and counsel testified that the admission was made "to enable appellants to present the question of law fairly, and not otherwise. We consented out of good nature, and not believing it any way material. We knew nothing of the facts about the matter; it was wholly immaterial, as the court had ruled against the allegations of the answer on that subject on the demurrer, and had wholly rejected the evidence when offered. I thought the deed all right—it came to plaintiff's attorneys from plaintiff himself. I never investigated any of the facts concerning the making, executing, and delivering of the deed until after the decision of the supreme court reversing the judgment in the former trial." The court found as follows: "The facts covered by such admission had been offered and ruled out by the court under previous rulings of the court, and that the admission itself was made under ignorance of the real facts, was wholly irrelevant and immaterial, was wholly unnecessary, was improvidently and carelessly made, and subserved no useful purpose whatever, and that the plaintiff gave due and timely notice of withdrawal." On the evidence the court found that the deed in question was never completed or delivered to the grantee named therein during the lifetime of the grantor and never took effect as a conveyance.

1. The presumption of law stated in section 1055 of the Civil Code that "a grant duly executed is presumed to have been delivered at its date," is not expressly made conclusive, and, unless so made, "may be controverted by other evidence, direct or indirect." (Code Civ. Proc., sec. 1961; McDougall v. McDougall, 135 Cal. 316, [67 Pac. 778].)

2. Appellants contend that the admission made at the first trial was on a material question, namely, the ownership of the note sued upon, and that, if the ownership was in Angella Daneri, the plaintiff was not entitled to maintain the action, for to do so he must be the legal owner with right of possession of the instrument; citing Kiel v. Reay, 50 Cal. 62; Woodsum v. Cole, 69 Cal. 145, [10 Pac. 331]. We think the denials of the answer, apart from the special defense set up as to the execution and delivery of the deed to which the demurrer was sustained (erroneously, as was decided by the supreme court), raised an issue of ownership. Defendants

had a right to rebut the presumption of ownership and possession of the estate of John Daneri, deceased, which arose from the possession of the note by the administrator; and we think the deed on its face, its delivery admitted, tended to rebut that presumption. While this is true, it is manifest that the admission was made with reference to the special defense pleaded, and to which a demurrer was sustained. As the court refused to admit the deed as' evidence for any purpose, though erroneously, we cannot see that the admission by counsel that the deed was duly executed and delivered should now, under the circumstances disclosed, estop plaintiff from showing the truth concerning the fact. The deed was admitted in evidence at the last trial, and the only question now is, Did the court err in permitting plaintiff's counsel to withdraw the admission made at the first trial and to show the true facts in the case? Section 283 of the Code of Civil Procedure provides: "An attorney and counselor shall have authority: 1. To bind his client in any steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise." In this case, no question arises as to the making of the admission, for it appears in the record. It has been held, under this section, that it refers to the executory agreements, and not to those· which have been, wholly or in part, executed, and that the section does not require a construction that in no instance shall the attorney's agreement made in behalf of his client be binding, unless entered in the minutes of the court or filed with the clerk. But where by a verbal stipulation one party has received the advantage for which he entered into it, or the party has, at his instance, given up some right or lost some advantage, so that it would be inequitable for him to insist that the stipulation was invalid, he will not be permitted to repudiate the obligation of his own agreement upon the ground that it had not been entered in the minutes of the court. (*Reclamation Dist.* v. *Hamilton,* 112 Cal. 603, 609, [44 Pac. 1074]; *Hearne* v. *De Young,* 111 Cal. 373, [43 Pac. 1108]; *Smith* v. *Whittier,* 95 Cal. 279, 287, [30 Pac. 529].) The only suggested disadvantage which defendants have suffered is that since the first trial Murphy had died, and that he was not called at the first trial presumably because of the

admission, and his testimony has thus been lost to defendants. It is not claimed that Murphy would have testified to the undisputed facts different from those narrated by three sons of deceased as to what occurred when the deed was executed. The admission was not of the character referred to in the above cases, and did not partake of the nature of mutual contract, as in some cases; nor does it fall under another class mentioned in the cases where the attempted withdrawal is manifestly to inconvenience the other party or would tend to defeat the ends of justice.

There is a still further class of admissions mentioned in the cases, a general admission in the course of the trial which obviously could not have been intended to hold good at a second trial—admissions made to facilitate the trial. It was said in *Weisbrod* v. *Chicago etc. R. Co.*, 20 Wis. 421; ''Such admissions are frequently made for the purpose of saving time where counsel are confident of success upon some other point; and when so made they are always understood to have reference to the trial then pending, and not as stipulations which shall bind at any future trial.'' There was nothing connected with the circumstances or reasons for making the admission which indicated that plaintiff's attorneys made it with knowledge of the facts, and the uncontradicted testimony is that plaintiff's attorneys were then ignorant of the very important facts subsequently brought to their knowledge. If defendants' attorneys were also ignorant of the facts, which is altogether probable, there would be injustice in allowing them to profit by the mutual ignorance of counsel for both parties. If they knew the facts and concealed them from plaintiff's counsel (which we are unwilling to believe), it would be equally unjust to hold the admission to be irrevocable. It cannot be assumed that Murphy, if alive, would have testified directly opposite to the witnesses who were present at the bedside of John Daneri, or would dispute the testimony of his widow, the grantee of the deed, whose statements were against her interest. The grantor lived for twenty days after the date of the acknowledgment (December 5th), and it is altogether probable that the deed was not completed and delivered during this time, or it would have been sooner recorded than January 29th following. There can be little

doubt that the deed was not completed prior to the grantor's death, that it was never shown him after December 5th, and that it was never, in fact, delivered to the grantee, nor to any person for her. Certainly the trial court was fully warranted from the evidence in finding the facts as it did. A deed has no validity without delivery. (*Gould* v. *Wise,* 97 Cal. 532, [32 Pac. 576, 33 Pac. 323]; *Black* v. *Sharkey,* 104 Cal. 279, [37 Pac. 939]; *Whitney* v. *American Ins. Co.,* 127 Cal. 464, [59 Pac. 897].) There not only is evidence of delivery wanting, but positive evidence that there was no delivery, and evidence, also, that the deed was to have been returned to the grantor when completed. He, in fact, never lost control of it.

In *Scaife* v. *Western M. C. L. Co.,* 90 Fed. 238, [33 C. C. A. 47], a bill of exceptions, in which the agency of one Flemming was admitted, the bill was admitted at the second trial to show this admission. The court said: "Admissions of a party are always competent evidence against him, and there seems to be no reason why a distinct and formal admission signed by an attorney of record upon a former trial, and not withdrawn or modified, should not be competent evidence." But here the admission was withdrawn some days before the trial. In *Voisin* v. *Commercial Mut. Ins. Co.,* [67 Hun, 365], 22 N. Y. Supp. 348, at a former trial the genuineness of a certain paper was admitted by the defendants' counsel. The court said: "We think that without at least some notice of the withdrawal of this admission the counsel for the plaintiff have a right to rely thereon on any subsequent trial." Mr. Jones says: "Admissions made by parties or their attorneys in their pleadings in the action, or by stipulations as to facts, or by dispensing with certain proofs, may be withdrawn if not true, provided there remains sufficient time for the other party in which to prepare his case, and provided such party has not been injured by relying on such admissions. Such admissions will not be allowed to be withdrawn, however, if the situation of the parties has been substantially changed, as by the death of a party or of a witness." (1 Jones on Evidence, sec. 276.) In *Franklin* v. *National Ins. Co.,* 43 Mo. 491, there was an express agreement by stipulation of counsel for both parties that "appellant might withdraw its answer

and interpose a demurrer to the petition; and, should it be overruled, then the appellant was to allow final judgment to be entered thereon, retaining the right to appeal.'' The demurrer was overruled and final judgment rendered thereon. Afterward appellant moved the court for leave to withdraw its stipulation and also its demurrer and for leave to answer. The motion was denied. The court, in sustaining the ruling, said: ''A party cannot be allowed to make an express agreement and avail himself of its advantages if it resulted in his favor, but not be bound by it if it happens to prove disadvantageous.'' It is stated in 1 American and English Encyclopedia of Law, page 699, that ''admissions may be proved even on a subsequent trial of the cause, if, from the language used at the time and the surrounding circumstances, they appear not to have been limited to the former trial.'' (See note 2, citing many cases in support of the text.) In a clear case of mistake, or for other good cause, the court may allow a party to recede from his stipulation. (20 Ency. of Pl. & Pr. 613, and note 6.) We think it quite obvious, from the circumstances disclosed here, that the admission was made with reference to the then pending trial, as well, also, as to a particular defense then made which the court at the time held not to be good. Furthermore, the admission was made under mistake of fact, from which, we think, the court could relieve plaintiff, and in doing so did not abuse its discretion.

Appellants claim that nothing in the record shows any order of the court allowing the withdrawal of the admission. It was so treated at the trial, and, besides, we do not think an order was necessary in view of all the facts.

The judgment and order are affirmed.

Buckles, J., and McLaughlin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 3, 1906, and the following opinion was then rendered:

CHIPMAN, J.—In the application to have the evidence re-examined our attention is called to certain facts which were not mentioned in the opinion. But they do not change

the fact, found by the court on sufficient evidence, that the deed was not completed nor delivered in the lifetime of deceased, Daneri. Whatever claim the widow had to the note, or the chose in action (the suit on the note at Daneri's death), came through the deed. The testimony of Frank Daneri that his father told Murphy he wished his mother to have all the property was no doubt true, but that is precisely what Murphy undertook to bring about by the deed conveying all the property, but failed. Mrs. Daneri testified that all the property belonged to her ''and family.'' But it was because it was supposed that the deed conveyed the property that she claimed it. At the same time she testified that she knew nothing about the note. It is true, also, that the members of the family supposed that the property had been deeded, and it is true that the validity of the deed was not questioned until after Murphy's death. There was evidence that Ambrose Daneri had acted as his mother's agent, and had received rent for the land and paid it to her, and that he had been in possession of the deed ever since Murphy delivered it to him, and that his mother had received payments on the note. There was no evidence as to the scope of the agency referred to above. But if it be assumed that it was an agency to manage the property for his mother, and if the other facts above narrated be admitted, still the controlling fact remains that the attempt to convey the property to Mrs. Daneri was abortive.

The point is now made for the first time that the deed was sufficient to carry an assignment of the chose in action, and it is immaterial that it was incomplete as to the land, and that manual delivery of the note was not essential; citing *Driscoll* v. *Driscoll,* 143 Cal. 528, [77 Pac. 471]. This case is instructive and covers some of the features of the present case. If the deed in question had been completed and delivered, we would have the case discussed in *Driscoll* v. *Driscoll.* But the grantor here told the notary to complete it and return it to him, presumably for his examination, and thereafter to be delivered, should he determine to so dispose of it. He never saw it afterward, and it was not completed or delivered until after his death, and was then delivered to the son, and never was delivered to the grantee. We are unable to discover any legal ground

upon which the deed can be held to have conveyed the note or the chose in action. Upon the other point in the case we also adhere to our former decision.

Rehearing denied.

McLaughlin, J., and Buckles, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1906.