Filed 8/11/23  Dao v. Vu CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DUNG HANH DAO et al., | H048796, H049814 |
| Plaintiffs and Respondents, | (Santa Clara County Super. Ct. No. 16CV291493) |
| v. | |
| MAI VU, | |
| Defendant and Appellant. | |

Dung Hanh Dao (Dao) and Hoang Minh Nguyen (Nguyen)[1] (together, plaintiffs and respondents) sued defendant and appellant Mai Vu (Vu) seeking tort damages and cancellation of a deed granting property owned by Dao to Vu's control.

Following a bench trial, the trial court declared the deed void based on illegal consideration and fraudulent supporting documentation and cancelled it.  The court ordered Vu to restore the property to Dao.  The court declined to award damages to plaintiffs for lack of evidence.  The court further determined that Dao had "unclean hands" and, exercising its equitable authority, also declined to award damages on that basis.

---

[1] Dao and Nguyen are married.  They are jointly represented in this appeal and were represented by the same counsel at trial in this matter.

Vu asserts the trial court erred as a matter of law because the court's finding that Dao had unclean hands precluded it from granting Dao any relief, including cancellation of the deed. Alternatively, she contends the court failed to apply the correct standard of proof when determining that Vu did not own the property. For the reasons explained below, we reject Vu's contentions and affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

### A. *Factual Background*[2]

Dao and Nguyen are a married couple. In 2013, Dao and Nguyen were arrested on federal charges related to crimes associated with their business. A number of their assets were "frozen" and subject to potential forfeiture.

Following her arrest, Dao was held in the Santa Clara County Jail. Vu was also in custody in the Santa Clara County jail, awaiting trial for charges that included forging a deed. Vu and Dao met in jail.

Dao feared the federal authorities would seize the property at issue in this appeal. Shortly after Dao and Vu met, while they were still in custody together, Dao agreed to transfer title of five parcels that had not been seized to Vu's control. The trial court later found that the transaction documenting the transfer was a "complete sham."

Vu's civil attorney, Loren Vaccarezza, drafted a deed, which he later caused to be recorded, on March 4, 2013, as document No. 2211731 in the book of records of Santa Clara County (deed). In the deed, Dao granted to Vu, "as trustee of the Michael Vu Irrevocable Trust"[3] (some capitalization omitted), five parcels of real property in San Jose.

---

[2] The factual background is drawn from the trial court's final written statement of decision, the trial testimony, and the record on appeal. Unless otherwise indicated, these facts are not in dispute.

[3] Michael Vu is Vu's son. The record reflects he was not served with the complaint and did not make an appearance in the trial court. He is not a party to this appeal.

2

B. *Lawsuit and Bench Trial*

In 2016, Dao and Nguyen filed this lawsuit against Vu in Santa Clara County Superior Court. In their verified complaint, they alleged one cause of action titled "Cancellation of Instrument: Fraud and Damages" (boldface & underscoring omitted) and requested, among other relief, that the trial court declare the deed void and award them damages.

Vu filed a verified answer and generally denied any wrongdoing.

The trial court conducted a three-day bench trial. It heard testimony from Dao, Nguyen, Vu, Vu's attorney Vaccarezza, and the notary public who signed an acknowledgment appended to the deed.

Dao testified that she met Vu shortly after Dao's commitment to the Santa Clara County jail on February 5, 2013. Dao had never previously been arrested. Jail "was like hell." She was miserable and worried over who would take care of her infant son. Vu approached Dao at the jail and helped Dao place her belongings on her bed. At some point, Vu told Dao that she was like a daughter Vu had never had. Vu told Dao that Vu was "very competent," "kn[ew] a lot of things," and could help Dao arrange for bail. Vu informed Dao she was very wealthy and experienced in real estate matters.

About a month or two before her arrest, Dao had acquired five property lots. While in jail with Vu, Dao agreed to deed these parcels to Vu in exchange for Vu securing an attorney and arranging bail for Dao. Dao and Vu agreed that if Vu did not meet her end of the bargain, Vu would return the parcels.

Two days after she met Vu, Dao wrote to Vu's attorney Vaccarezza for assistance with the transaction. Dao admitted that one signature on the deed was hers, but she was unsure about another signature on the document. Dao signed a purchase and sale agreement but it was "all [] Vu's idea[]." Vu had told Dao that the agreement was to "legalize the conveyance of the property." Dao was later transferred to a jail in Fresno.

3

Dao hired her own attorney. After Dao was released from custody, either Dao or Nguyen asked Vu to return the properties. Vu "hung up and did not want to talk to [them]."

Nguyen testified that he had been married to Dao since 2003. He and Dao were arrested on February 5, 2013. At the time of their arrest, they had an infant child who suffered from a number of medical conditions. Dao was the child's full-time caregiver. Nguyen was not involved in the property transaction, but he had spoken to Vu. Vu had told him she would help him find money for bail and to hire an attorney for himself and Dao. Nguyen did not become aware of the documentation of the transaction until a few months after he was released from custody in February 2014.

Vu testified that she first met Dao when they shared the "same pod" at the county jail. Vu was awaiting trial for crimes that included forgery and recording a false document. Vu admitted to writing out certain documents for Dao to sign. Vu and Dao became "best friend[s]" in jail during the time they were together. When questioned why Dao transferred the property to Vu or Vu's son's trust, Vu responded in part that "I gave her knowledge-ment [*sic*] of how to deal with her case. I gave her - - she want [*sic*] me to be her alibi for her case of her money laundering." Vu did not give Dao any money for the property and asserted the idea to transfer the property was Dao's idea. Vu referred Dao to Vaccarezza, who was Vu's attorney. At the time Vu was jailed with Dao, Vaccarezza was "the trust attorney." Vu believed he had helped prepare the deed.

Vaccarezza testified that in February 2013 he was representing Vu in a trust-related matter that was going to trial, and he had visited Vu a number of times in jail. Vaccarezza was not Vu's criminal attorney. He confirmed he had drafted the deed and personally had the deed recorded with the county recorder.

A public notary testified about the acknowledgment she signed dated February 27, 2013, that was appended to the recorded deed. She did not recall the specifics of the circumstances surrounding her signature of the acknowledgment. She did not believe the acknowledgment related to a deed. Her notary book reflected that Dao signed a

4

document when Dao was in Fresno County jail. However, the document Dao signed was not a deed because the notary had marked " 'Other' " in her book, which she would not have indicated if it related to a deed. Further, the notary would have never acknowledged a signature that was made on a different day than the acknowledgment, as was the case here.[4] It was her practice to ensure that she sees "the person that I'm notarizing" sign the document.

C. *Statement of Decision and Judgment*

On September 16, 2019, the trial court issued a written final statement of decision that summarized the trial evidence and detailed the court's factual findings and conclusions.

The trial court found that it was "more probable than not" that Dao and Vu entered "into an agreement whereby Vu would hold Dao's property pending resolution of the criminal case against Dao and Nguyen for the purpose of shielding the properties from forfeiture." It concluded no legal consideration supported the transaction. It stated, "[e]ven if there was an agreement that Vu would be paid in some manner for holding the five parcels, the [c]ourt does not believe that such an agreement would be legal or provide any basis for validating the sham transaction." The court found the "alleged transaction documenting the transfer of the five parcels was a complete sham."

In addition to the lack of legal consideration, the trial court had "serious concerns" about the deed's validity, including because the notary's acknowledgment was "more probably than not substituted from some other document." The court also found that the signature on the deed was "inconsistent with Dao's signature on other documents," and it was more probable than not that Dao did not sign the deed. The court ruled that the deed was void and should be canceled.

---

[4] The signature purporting to be Dao's signature on the deed is dated February 12, 2013, and the notary's acknowledgement is dated February 27, 2013.

5

With respect to plaintiffs' request for an award of damages due to Vu's fraud, the court concluded that "Vu exerted undue influence over Dao." The court found that Vu was older than Dao and had more experience in dealing with criminal matters. While Vu spoke both English and Vietnamese, Dao spoke only Vietnamese.[5] Vu also knew that "Dao had never been arrested and was emotionally distraught over being incarcerated and separated from her infant."

Based on that evidence, the court found it more probable than not that "Dao was induced to enter into what the Court finds to be a sham transaction based on the undue influence of Vu." The court also found there was "evidence of [f]raud."

With respect to damages, the court concluded it had not heard any evidence of actual damages suffered by plaintiffs "as a consequence of Vu's refusal to cancel the deed and convey the five parcels back to them." Plaintiffs had not introduced evidence of damages related to the failure to secure bail or defense counsel. With respect to plaintiffs' request for $1 million in punitive damages, the court observed that their briefing failed to cite a legal basis for such an award. Further, they had not introduced any evidence of Vu's wealth. The trial court concluded that it had insufficient evidence to determine an amount of punitive damages and plaintiffs' request for punitive damages lacked a legal basis.

The court further observed that "[e]ven if the [c]ourt had heard testimony regarding damages, the [c]ourt is sitting as a court of law and equity" and that a person asking for relief in a court of equity must "come with clean hands." It determined that Dao had unclean hands and engaged in misconduct related to the transaction with Vu. Specifically, the court credited Vu's testimony that Vu had served as "an 'alibi' for Dao" and that it was "more probable than not that Dao was trying to hide her assets from the

---

[5] Dao testified, with the assistance of an interpreter, that she was born in Vietnam and came to the United States around the age of 18. The deed provided in the record is in English and there is no evidence in the record it was translated for Dao.

6

[f]ederal [a]uthorities when she entered into the agreement with Vu."[6] In the court's view, this conduct precluded Dao and Nguyen from securing damages from Vu. The court declined to award damages to plaintiffs.

The trial court decided that Dao "retains the ability to rescind the fraudulent deed," notwithstanding the court's finding of unclean hands. The trial court found that, while there was no fiduciary relationship between Dao and Vu, there was evidence of "abuse of confidence and undue influence" and "[b]etween the two parties" that "Vu was the party most at fault." The court concluded Dao was entitled to rescission of the deed on that basis.

The trial court declared the deed "void and canceled" and ordered Vu to restore the five lots to Dao.

The trial court did not state that it had made any of its factual findings pursuant to a standard of clear and convincing evidence. One of Vu's requests for specific factual findings related to the application of Evidence Code section 662, and specifically the question: "Did Plaintiff rebut the presumption under Evidence Code [section] 662 – that the owner of legal title to property is presumed to be the owner of the full beneficial title by clear and convincing proof?" The court explained that its finding "that the deed was a sham and void necessarily addresses this question."

On January 7, 2021, the trial court entered judgment and the Santa Clara County Superior Court clerk filed a notice of entry of judgment accompanied by a proof of service.

D. *Appeals*

On January 22, 2021, Vu filed a timely notice of appeal of the judgment. (See Cal. Rules of Court, rule 8.104(a)(1)(A).) This court assigned that appeal No. H048796. While that appeal was pending, the clerk of the Santa Clara County Superior Court filed

---

[6] Dao has not filed a cross-appeal challenging the trial court's factual findings and does not challenge them on appeal.

7

on December 31, 2021 a judgment on Judicial Council Form 100 (JUD-100) that related to the May 2019 court trial. On January 31, 2022, Vu filed a second notice of appeal in this matter and this court assigned that appeal No. H049814.

This court ordered appeal Nos. H048796 and H049814 to be considered together for purposes of briefing, oral argument, and disposition. The appeals present the same issues and involve the same record.

## II. DISCUSSION

Vu challenges the judgment based on the trial court's application of the doctrine of unclean hands. She asserts that "[e]ven accepting all the court's findings as correct, the court's conclusion fails as a matter of law" because, while the trial court correctly found Dao had unclean hands, it then should have found as matter of law that this was a "complete defense" to the allegations against Vu. Vu argues the " 'most at fault' exception" to the unclean hands doctrine does not apply here because Dao and Vu were not in a fiduciary or confidential relationship. Finally, Vu asserts the court erred by failing to make its factual findings pursuant to the clear and convincing standard under Evidence Code section 662.[7]

A. *Standard of Review*

"In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo, and we review the trial court's findings of fact for substantial evidence." (*Durante v. County of Santa Clara* (2018) 29 Cal.App.5th 839,

_____

[7] Vu asserts that the brief filed by respondents in this appeal fails to provide the required citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Vu's argument is well taken. Respondents' brief is largely devoid of record citations. Vu requests we strike the offending portions of the respondent's brief. However, we have the discretion to "[d]isregard the noncompliance" (*id*., rule 8.204(e)(2)(C)) and we elect to exercise that discretion here. To the extent passages in respondents' brief "are not supported by record references, . . . we [have] consider[ed] those [] passages to be argument rather than factual assertions." (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 195.)

8

842.)  We liberally construe findings of fact " 'to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings.' " (*Ibid.*)

"If the decision of a lower court is correct on any theory of law applicable to the case, the judgment or order will be affirmed regardless of the correctness of the grounds upon which the lower court reached its conclusion.  The rationale for this principle is twofold:  (a) an appellate court reviews the action of the lower court and not the reasons given for its action; and (b) there can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." (*In re Estate of Beard* (1999) 71 Cal.App.4th 753, 776, italics omitted.)

B.  *Trial Court's Decision to Disallow Damages and Cancel the Deed*

Vu maintains we must reverse the judgment because the trial court's decision to disallow an award of damages based on Dao's unclean hands necessarily precluded it from awarding her the relief of cancelling the deed.  Vu contends the trial court's "selective application of the unclean-hands defense is against [the] law, because unclean hands is a complete defense to a plaintiff's claim."  She asserts that the relationship between Dao and Vu was distinct from the types of relationships in which the " 'most at fault' " exception to the unclean hands doctrine typically applies, noting that Dao and Vu were neither family members, business partners, or in a professional relationship and had only been briefly acquainted.  (See, e.g., *Clark v Millsap* (1926) 197 Cal. 765; *De Boer v. De Boer* (1952) 111 Cal.App.2d 500.)  Vu generally contends Dao was "of sound mind" and "understood what she was doing" in seeking to evade federal authorities.

Even assuming arguendo that Vu is correct that the trial court's finding that Dao had unclean hands would normally preclude the award of any relief to plaintiffs, such a conclusion does not call for reversal of the trial court's decision to declare the deed void, cancel the deed, and order the property returned to Dao.  The court's decision to cancel the deed rested in part on its independent findings (without reference to the doctrine of

9

unclean hands) that there was no lawful consideration for the conveyance and the signature on the deed was not Dao's.

Although consideration is not necessary for a voluntary transfer of property (Civ. Code, § 1040), this principle does not apply where the transfer is secured by fraud. (See *Driscoll v. Driscoll* (1904) 143 Cal. 528, 533 ["In the absence of any imputation of fraud the amount of the consideration for a deed is immaterial."].) Vu testified she was acting as an "alibi" for Dao and that certain documents documenting the transfer were false. Moreover, the trial court found, by a preponderance of evidence, that Dao did not sign the deed and that, by implication, her signature was forged. "A deed is void if the grantor's signature is forged or if the grantor is unaware of the nature of what he or she is signing." (*Schiavon v. Arnaudo Brothers* (2000) 84 Cal.App.4th 374, 378.) On appeal, Vu does not challenge the trial court's findings that the deed was based on illegal consideration due to fraud and that Dao's signature on the deed was forged.

Based on its determination that the conveyance and overall transaction was illegal, the trial court had the authority to declare the deed void and to cancel it. (See 3 Miller & Starr, Cal. Real Estate (4th ed. 2023) § 8.57 [A "deed given for an illegal consideration or as part of an illegal transaction may be cancelled."].)

On appeal, Vu does not generally challenge the application of the legal rule that a transfer is void if secured by fraud or forgery. Rather, she contends the trial court's finding of unclean hands by Dao precluded it from awarding any relief to plaintiffs. We disagree.

The trial court's discussion of unclean hands related solely to its decision not to award damages to plaintiffs. Further, the trial court articulated a legally sufficient, independent ground for its decision not to award damages—that is, its conclusion that plaintiffs had not introduced sufficient evidence or legal authority for an award of damages. Plaintiffs have not cross-appealed that finding.

10

Because the issue on which the trial court made the unclean hands finding is supported by an independent ground, Vu cannot show prejudicial error arising from the trial court's finding of unclean hands. We reject Vu's contention that the trial court lacked the authority to declare the deed void, to cancel the deed, and to restore the property to Dao.

C. *Evidence Code Section 662*

Alternatively, Vu asserts the court erred by failing to make its factual findings pursuant to the clear and convincing standard under Evidence Code section 662. Vu contends that Dao "alleged" that she "executed the grant deed to Vu" and for Dao to prevail she was required to establish "her claims by clear and convincing proof."

Evidence Code section 662 provides that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."

"Evidence Code section 662 has application, by its express terms, when there is no dispute as to where *legal* title resides but there is question as to where all or part of the *beneficial* title should rest." (*Murray v. Murray* (1994) 26 Cal.App.4th 1062, 1067 (*Murray*).)

We perceive no error in the trial court's application of the preponderance of the evidence standard of proof in this case, which is the default standard of proof in civil cases and " ' "simply requires the trier of fact 'to believe that the existence of a fact is more probable than its nonexistence.' " ' " (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 998.)

We furthermore reject Vu's contention that the trial court erred by not applying the clear and convincing burden of proof set forth in Evidence Code section 662. *Murray* is instructive. There, a plaintiff obtained a judgment against her adoptive father and his wife to quiet title in a parcel of land. (*Murray*, *supra*, 26 Cal.App.4th at p. 1063.) The jury had found that father and wife had acted fraudulently in transferring title from

11

plaintiff to wife. (*Id*. at p. 1066.) The Court of Appeal rejected the defendants' argument that the Evidence Code section 662 clear and convincing standard applied. The court held that "Evidence Code section 662 does not apply to all quiet title actions. As its express terms state, it applies when valid legal title is undisputed and the controversy involves only beneficial title." (*Murray*, at p. 1068, italics omitted.) Because the plaintiff contended the title was void and her suit "was bottomed on a challenge to the legality of [wife]'s title," Evidence Code section 662 did not apply. (*Ibid*.) The Court of Appeal decided the trial court correctly "instructed the jury that the preponderance of the evidence standard of proof governed its determination of the factual issues submitted to it." (*Ibid*.)

Similarly, respondents' lawsuit against Vu was based on claims that the deed was void and that Dao was subjected to fraud and undue influence, and the trial court concluded the Vu had secured the deed illegally. It further found that the deed was a "sham and void." Therefore, Evidence Code section 662 is inapplicable. We reject Vu's contention that the trial court applied the incorrect standard of proof.

## III.  DISPOSITION

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Danner, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.




_____

Wilson, J.




**H048796, H049814**
*Dao et al. v. Vu*