AGNES G. YATES et al., Respondents, v. MARY E. BURT, Appellant.

Kansas City Court of Appeals, January 9, 1912.

PARTITION: Advancement: Sale or Gift. This is an action to partition and distribute the estate of Benjamin D. Yates, who died testate and in his will made provision for the portion the widow and each of his children should take, and for certain advancements. After the will was executed, he conveyed a farm to defendant for the expressed consideration of $3200, and it is sought in this proceeding to charge her with that amount as an advancement, or ademption *pro tanto*, or a debt, while defendant claims the land as a gift. *Held* that, under the evidence adduced the deed to appellant from the testator is to be treated as sale and not a gift.

Appeal from Calloway Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*J. W. Tincher, C. M. Hay* and *J. R. Baker* for appellant.

(1) Where a parent turns property over to a child, the presumption is that it is an advancement or a gift, rather than a sale. Trust Co. v. Rudolph, 136 Mo. 169; Gerding v. Walter, 29 Mo. 426. (2) It being established that the conveyance was a gift, it follows that it must be held as a gift, pure and simple, since advancements are required to be brought into hotchpot only in cases of intestacy. Trust Co. v. Rudolph, 136 Mo. 169; Turpin v. Turpin, 88 Mo. 340; 1 Am. and Eng. Ency. of Law, 763; Camp v. Camp, 18 Hun 217; McFall v. Sullivan, 17 S. C. 504; Newman v. Welbourne, 1 Hill Eq. 10; Marshall v. Rench, 3 Del., ch. 39; Hayden v. Burch, 9 Gill, 79; Linell's Admr. v. Linell, 21 N. J. Eq. 81; Thompson v. Carmichael, 3 Sandf., ch. 120; Hays v. Hibbard, 3 Redf. Sur. 28; Kent v. Hopkins, 86 Hun 611; Brown v. Brown, 37 N. C. 309; Jerkins v. Mitchell, 57 N. C. 207; Snelgrove v. Snelgrove, 4 Desans, 274; 6 Am. and Eng. Am. Cas., 10m. An advancement is a free and irrevocable gift by a parent in his lifetime to his child, or person standing in place of such child, on account of such child or person's share of the donor's estate which he will receive under the statute of descent if the parent or donor die intestate. Thornton on Gifts and Advancements, p. 510. Where a testator, after making certain devises directed that his property be "disposed of as the law directs," it was held that advancements would not have to be brought into hotchpot as in cases of intestacy. Brown v. Brown, 2 Iredell's Eq., 309, 37 N. C. 309. The will provides for the distribution

of the testator's entire estate. It is unambiguous. It speaks as of the date of his death. Vitt v. Clark, 66 Mo. App. 214; Liggatt v. Hart, 23 Mo. 138. (3) The doctrine of satisfaction or *ademption pro tanto* cannot apply to this case, because said doctrine applies only to bequests of personalty; this "because of the safe-guards that have ever been thrown around the transfers of real estate and contracts by which titles are affected." Fisher v. Keithley, 142 Mo. 257.

*Robert McPheeters* and *T. A. Boulware* for respondents.

(1) It is conceded that the doctrine of bringing advances into hotchpot does not apply in cases of testacy. However, where, under the terms of a will, the testator's property is to be equally divided among his children, the advancements made to them to be considered in ascertaining their respective shares, the assets of the estate are not thrown into hotchpot. Thompson v. Lear, 146 Mo. App. 642. Respondents do not contend that the consideration mentioned in the respective deeds to Mary E. Burt ($3,200) and Laura W. Chenoweth ($1,600) should be regarded as advancements and should be brought into hotchpot. Their contention is that such are credits (debts) due the estate from such heirs and as such credits (debts) should be accounted for (paid) by such heirs. (2) The trial court committed no error in ascertaining the distributive share of Mary E. Burt in the lands of her father and deducting therefrom the amount of her indebtedness due to him. Ballard v. Marsden, 14 Chan. Div. 374; Ford's Admr. v. O'Donnell, 40 Mo. App. 51; Halloway, Admr. v. Vincent, 143 Mo. App. 434; Leitman's Exr. v. Lietman, 149 Mo. 112; Duffy v. Duffy, 155 Mo. 144; Ayres v. King, 168 Mo. 244. An heir's interest in an estate consists of his distributive or inherited share, less what he owes the estate; or, in

other words, what he owes the estate is to be treated
as so much of his interest in the estate already re-
ceived by him, and therefore in the distribution of the
property, whether real or personal, he is entitled only
to so much thereof plus what he has already received
will make his share equal to the share of the other heirs
or distributees.    Duffy v. Duffy, 155 Mo. 144.   It mat-
ters not by what name the proceeding is called, whether
retainer, advancement, set-off or assets in the hands
of the legatee, the practical result is the same, and
it rests upon wholesome principles of right and jus-
tice, which can be administered in probate courts with-
out the aid of a court of conscience.   Lietman's Exr.
v. Lietman, 149 Mo. 112; Duffy v. Duffy, 155 Mo. 144;
Ayres v. King, 168 Mo. 244.

BROADDUS, P. J.—This is a proceeding insti-
tuted by Agnes J. Yates and Thomas G. Yates and
Laura W. Chenoweth, wife and children, respectively,
of Benjamin D. Yates, deceased, against Mary E.
Burt, another child, for partition of real estate in
Callaway County, Missouri. Benjamin D. Yates left
a will which was duly admitted to probate, whereby he
devised to his wife one-third of all his property, and
to each of the above named children one-third of the
remainder, or two-ninths of his entire estate.  In this
will, however, he stipulated that Thomas G. Yates was
to be charged with an advancement of $500, and his
daughter, Laura W. Chenoweth, with an advancement
of $1,500.   No advancement was charged to the de-
fendant, Mary E. Burt, nor any mention of any other
advancements made in the will.  This will was executed
in 1905.   In March, 1907, by general warranty deed,
with an expressed consideration of $3,200, he deeded
to defendant, Mary E. Burt, 80 acres of land.  At the
same time he deeded to plaintiff, Laura W. Chenoweth,
by general warranty deed, with an expressed consid-
eration of $1,600, 40 acres of land.  He died in 1908.

Plaintiffs, by their petition, ask partition and distribution. In such distribution they seek to charge plaintiff, Mrs. Chenoweth, and defendant, Mary E. Burt, with sums equal in amount to the expressed consideration in such deeds, respectively. Plaintiffs contend that the land deeded by the deceased to these children must be treated as (1) an advancement; or (2) *ademption pro tanto;* or (3) a debt, to the extent of the expressed considerations in such deeds.

Defendant contends that the land so deeded to her and to her sister by the deceased after the date of the will were gifts pure and simple; that distribution must be made in accordance with the terms of the will itself, viz.: One-third to Mrs. Yates; two-ninths to each of the children, plaintiffs Lura W. Chenoweth and Thomas G. Yates to be charged with $1,500 and $500, respectively, as set out in the will, no charges whatever to Mrs. Burt; that neither the doctrines of advancement, or satisfaction, or *ademption pro tanto* apply in case of devise of real estate.

The evidence on the part of the plaintiffs consists of the will of Benjamin D. Yates, deceased, items two and three of which, containing the provisions relevant to the matter in issue, are as follows:

"2. After the payment of my debts and funeral expenses as aforesaid, I give, devise and bequeath to my beloved wife, Agnes J. Yates, an undivided one-third part, interest and share of, in and to my estate, both real and personal, and wheresoever situate, to have and to hold the same absolutely in fee simple and with the right to use and dispose of as she may see fit. This bequest to my wife to be taken, received and held by her instead of and in lieu of her dower, homestead or other statutory or legal rights or interests in my said estate.

"3. The balance or remainder of my estate, both real and personal and wheresoever situate, I give, devise and bequeath to my three children, Thomas G.

Yates, Mary Lizzie Burt and Laura W. Yates (now Chenoweth) share and share alike, but provided, however, that in such division and distribution my son, Thomas G. Yates, shall be charged with the sum of five hundred dollars and my daughter, Laura W. Yates (now Laura W. Chenoweth), shall be charged with the sum of fifteen hundred dollars as advancements heretofore made to them by me during my life time so that my said three children may thus share fairly and equally as may be in the final distribution of my estate.''

Plaintiffs next offered two deeds from Benjamin D. Yates and wife, one to Mary Elizabeth Burt, the other to Laura W. Chenoweth, the former containing the consideration recital of $3,200 and conveying 80 acres of land, the latter containing the consideration recital of $1,600 and conveying 40 acres of land.

Testimony was introduced to the effect that the defendant, Mrs. Burt, had said that she had not paid any consideration for the land the testator had deeded to her, but that it was a gift. Mrs. Chenoweth was allowed to state over the objections of the defendant a conversation she had with the testator, in which he said that the consideration for the deed was $3,200, and that it would be brought up in the distribution of the final estate the same as the $1,600 mentioned in the will as an advancement against herself. This conversation was had after the making of the deeds and not in the presence of the defendant.

The defendant introduced the testimony of J. T. Peters who took the acknowledgment of the testator to the deed who said at the time that, ''the reason he was giving Mrs. Burt this 80 acres of land was that he had given his son Tom so much heretofore, and he thought he ought to give Mrs. Burt this 80 acres of land.'' That he asked the testator what consideration to put in and he said: ''It don't make any difference.'' And that he (the witness) then asked: ''What is the land

worth?'' and that he answered, ''I recken it is worth $40 an acre.'' And that he (the witness) then said the value of the 80 acres would be $3200, and he put that sum in as the consideration. The court found that the land conveyed to defendant was sold and conveyed to her for said sum of $3,200, and decreed that she should account for the same as a part of the estate of the testator. The defendant appealed.

Respondents' contention is that the consideration of $3,200 mentioned in the deed to defendant should be treated as a debt and not as an advancement that should be brought in to hotchpot. And this is true if the consideration mentioned in the deed is to be treated as debt—the defendant should be charged with the amount in the distribution of the estate. [Lietman's Ex. v. Lietman, 149 Mo. 112.] ''An heir's interest in an estate consists of his distributive or inherited share less what he owes the estate.'' [Duffy v. Duffy, 155 Mo. 144.]

But the real question in this case is whether the transaction between the testator and the defendant is to be treated as a sale or a gift. Notwithstanding the evidence strongly tends to show that the grantor (the testator) intended to make a gift of the land to the defendant, his daughter, it is insisted that such evidence was incompetent for the reason the grantee cannot dispute the consideration mentioned in the deed. It was said by this court speaking through ELLISON, Judge, that, ''where land is sold and a warranty deed executed, it will be presumed it was for something of value. When to this is added an expressed consideration actually agreed upon by the parties and inserted in the deed, it becomes exceedingly strong evidence that the buyer was to pay for the land,'' etc. And further: ''It has been ruled that if a deed shows a valuable consideration, such as money or other value, it must be taken to be a valuable consideration, and

161 App.—18

you will not be allowed to show a good consideration, such as a gift for natural love and affection." [Holloway, Adm'r v. Vincent, 143 Mo. App. 1. c. 436, citing Winningham v. Pennock, 36 Mo. App. 688; Edwards v. Latimer, 183 Mo. 610, and other cases.] The cases cited fully support the holding.

The appellant relies on the case of See v. Mallonee, 107 Mo. App. 721, as authority for the proposition that the actual consideration recited in the deed in question may be contradicted by showing a different consideration, that is to say, a gift. The opinion, it is true, holds that: "It is competent to show the real consideration for a conveyance of land by oral testimony which contradicts the recited consideration." But the opinion further holds that this may not be done where "the effect of the evidence is to destroy the deed by showing there was no consideration for it, or that the consideration was good instead of a valuable one," etc. The opinion is in harmony with the others referred to and does not tend to support the appellant's case. According to all the authorities the deed to appellant from the testator is to be treated as a sale and not as a gift. Affirmed. All concur.