[L. A. No. 14288. In Bank.—June 30, 1936.]

O. L. PAPINEAU, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES et al., Respondents.

LeRoy B. Lorenz for Appellant.

Frank P. Doherty and William R. Gallagher for Respondents.

LANGDON, J.—This action was brought for declaratory relief and damages for alleged fraud.

In 1916 Mrs. Louise Ganahl and nine others, including defendants Vincent P. Ganahl and Ernest Ganahl, executed a declaration of trust under which property was transferred in trust to German-American Trust and Savings Bank, predecessor of defendant Security-First National Bank, as trustee. Ernest Ganahl was made agent of the trustee for rent collection and similar duties. The various transferors had one-tenth beneficial interests in the trust.

On July 23, 1925, defendant Vincent P. Ganahl borrowed $5,000 from defendant bank, giving his promissory note secured by an assignment of his one-tenth beneficial interest in the trust. Later Vincent P. Ganahl contracted with plaintiff to purchase property for the sum of $40,000, and on July 18, 1929, as security for his obligation to pay the price, he made another assignment of his one-tenth interest in the trust. He failed to pay the bank the money borrowed, and on January 17, 1931, the bank sold his interest at a public sale. Defendant Ernest Ganahl purchased the same at the sale for the sum of $5,392.83.

Plaintiff brought this action on the theory that the various defendants had conspired to conceal from him the existence of the prior assignment. The lower court found that neither the defendant bank nor any of its officers or agents had made any fraudulent representations, nor had they been guilty of any concealment, and further found that at the time of the second assignment, the bank had informed plaintiff of the prior assignment. It also appears that plaintiff was represented at the sale, but no bid was offered on his behalf.

There being substantial evidence to support the above findings, plaintiff cannot recover.

A new theory was advanced by plaintiff on appeal. He asserts that the transactions involved herein resulted in an advantage to the bank, a trustee, over its beneficiary,

Vincent P. Ganahl; and that this brings into operation the provisions of section 2235 of the Civil Code: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from his beneficiary, are presumed to be entered into by the latter without sufficient consideration and under undue influence." Plaintiff contends that no evidence was offered by defendants to show that there was good consideration for the assignment, and consequently the presumption operates, with the result that the assignment is void.

Two answers may be made to this argument. First, the action was brought and tried on an entirely different issue, and the question of sufficiency of consideration was not pleaded nor raised at the trial. It was therefore unnecessary for defendants to offer evidence on that issue, and under the settled rule the point may not be raised for the first time on appeal. Secondly, the presumption declared in the code section is obviously for the protection of the beneficiary against his trustee. It makes the transaction voidable by the beneficiary unless fairness is proved, but it permits the beneficiary to approve and enforce a transaction which is fair and reasonable. Plaintiff's theory that a stranger, antagonistic to both the trustee and beneficiary, can rely upon the presumption and thereby defeat a transaction which the beneficiary affirms, is entirely contrary to the purpose of the statutory rule, and is not the law. (See 1 Perry on Trusts, 339, sec. 198; *Bowles* v. *Bowles,* 141 Va. 35 [126 S. E. 49].)

The judgment is affirmed.

Thompson, J., Seawell, J., Shenk, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.