[Civ. No. 11296. First Appellate District, Division One.—September 23, 1940.]

CONSTANTINE BELLETICH, Respondent, v. JOHN BELLETICH et al., Appellants.

George C. Watson for Appellants.

A. Frederick Lamken for Respondent.

KNIGHT, J.—This is an appeal from a judgment in plaintiff's favor in an action to reform a deed. It was taken on the judgment roll by John and Mary Belletich, two of the several defendants sued.

The following are the principal facts of the case as they appear from the trial court's findings: The defendants John and Mary Belletich and Antonio and Mary Kudrich agreed to convey to plaintiff certain residential premises in the city of Los Angeles known as 713 North Hill Street, upon which there was built a two-story frame dwelling, and subsequently, in consummation of said agreement, a grant deed was executed by Antonio and Mary Kudrich and delivered to plaintiff, conveying to him lot 51 of the Rosas tract. However, the premises agreed to be conveyed included also the north half of lot 52, and the dwelling rested partly on each lot. This situation was known to the defendants at the time these transactions took place, but was unknown to plaintiff. In this connection the trial court found that the premises known as 713 North Hill Street had a frontage of 45 feet on the west side of said street, and that the entire width of the premises (lot 51 and the north half of lot 52) was necessary to accommodate said house and to permit reasonable passageway to the rear; that there was an old fence running along the northerly line of lot 51, and another fence running along the southerly line of the north half of lot 52, which fences for many years enclosed the premises along the north and south lines; that the premises had the appearance of one lot, and had been used as such for ''a single-home residential property'', and had but a single street address. The court also found that during the negotiations leading up to the making

of said agreement the defendants told plaintiff the property he would receive and which would be deeded to him was the premises at 713 North Hill Street, and that throughout said negotiations the plaintiff believed and the defendants knew he believed that when reference was made to the property known as 713 North Hill Street all parties referred to and had in mind the premises as a whole; that when plaintiff accepted the deed he believed it conveyed to him the entire premises, and that defendants "knew or suspected" that plaintiff accepted the deed under the mistaken belief that it conveyed to him the entire premises; that they knowingly took advantage of the plaintiff's mistake and for the purpose of deceiving him deeded to him only part of the property they had agreed to convey. Furthermore, the trial court found that under said agreement "the consideration that was to move to the plaintiff was" the premises known as 713 North Hill Street; that after the execution and delivery of the deed to plaintiff the grantors Kudrich transferred title to lot 52 to John and Mary Belletich, who simultaneously executed a deed of trust thereto to the Kudriches as beneficiaries and naming Security First National Bank of Los Angeles as trustee.

It is stated by appellants on the first page of their brief that the question involved on the appeal is: "May plaintiff have an oral contract reformed where he does not allege in his complaint, and the court does not find, that the contract sought to be reformed is in writing and based upon a consideration"; and the arguments advanced in their brief are based upon the assumption that the purpose of the action was to reform an oral agreement; also the authorities cited by them have application to such a case. But the purpose of the action was not to reform the agreement of the parties. It was brought to revise the deed executed and delivered in consummation of the agreement so that the deed would conform to such agreement, all of which clearly appears from the complaint and the findings. Nor does the judgment make any reference whatever to any agreement. It decrees only the revision of the description of the property set forth in "the deed executed by Antonio Kudrich and Mary Kudrich, dated the 7th day of March, 1935, and recorded in Book 13361 at page 310 of the Official Records of the County of Los Angeles, State of California, . . . as of the 7th day of March,

1935." ▮ Therefore, since a written instrument such as a deed is itself presumptive evidence of a consideration (Civ. Code, sec. 1614; Code Civ. Proc., sec. 1963, subd. 39), it was unnecessary for plaintiff to allege in his complaint or for the trial court to find that the deed was given for a consideration. (6 Cal. Jur., p. 205; 21 Cal. Jur., p. 23.) If the deed here sought to be revised was not based on a sufficient consideration it was incumbent on appellants so to plead in their answer (*Peasley* v. *McFadden*, 68 Cal. 611 [10 Pac. 179]), and not having done so no issue as to consideration was raised, and no finding relating thereto was necessary.

▮ In the clerk's transcript, immediately following the copy of the judgment roll, there is inserted a map and a photostatic copy of certain escrow instructions, which were alluded to by counsel for appellant during his oral argument on the appeal. Apparently the documents were included in the transcript by the clerk pursuant to the written request to prepare the transcript. However, they form no part of the judgment roll, nor are they authenticated in any manner by the trial judge or the court reporter; hence appellants are not entitled to have them considered in the determination of the appeal. ▮ In any event neither is important. The situation of the property involved is made plain by the findings, and said instructions indicate merely that plaintiff delivered into escrow a "Reconveyance of Trust Deed" which is identified by record reference. The property to which it relates does not appear, nor do the instructions reveal the nature of the transaction, by whom the reconveyance was executed, or the other parties thereto. It will be seen, therefore, that in the absence of a transcript of the evidence the escrow instructions serve no useful purpose on the appeal.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.