[Civ. No. 15634. First Dist., Div. Two. Sept. 10, 1953.]

Estate of MARY BRESCHINI, Deceased. GERALDINE WARCHEN et al., Appellants, v. AUGUST CASCIONI et al., Respondents.

Sisti Segetti, Jr. and J. T. Harrington for Appellants.

Hudson, Martin, Ferrante & Street and Otto A. Hoecker for Respondents.

DOOLING, J.—Basilio Breschini and Mary Breschini intermarried in 1927. At that time Basilio owned a ranch and in 1933 Basilio conveyed a one-half interest in this ranch to his wife, Mary, by grant deed which expressed a consideration of $10. Basilio predeceased Mary. Mary died intestate in 1950.

The appellants, daughters of Basilio by an earlier marriage, filed a petition to determine heirship claiming that the one-half interest in the ranch conveyed by Basilio to Mary was a gift to her and hence under Probate Code, section 229, appellants were entitled to inherit it rather than respondents, who are collateral heirs of Mary. The court found against appellants and in favor of respondents, that Basilio had conveyed such one-half interest to Mary "for a good and valuable consideration, and not as a gift." The sole claim on this appeal is that this finding is not supported.

There was evidence produced that prior to Mary's marriage to Basilio she had been working as cook and housekeeper on various ranches and had acquired a bank account. For a few months before the marriage she had been working for Basilio. Before the marriage Basilio and Mary had a conversation with one of Mary's brothers to which he testified as follows: "Well, he say they have planned to get married and they were going to settle down and it would be better for the two and she didn't have to work for some one else and it was more easy for her and she said the prospect was

156

very good, she would have a chance to invest her money in the ranch. . . . He said he was going to get married . . . and something like it would be a better life to be on the ranch than going out working for somebody else. I remember that, and then she had a chance to invest her money in the ranch.''

It is also in evidence that Mary with her separate funds bought furniture for their home on the ranch, and an automobile which was used by both spouses on the ranch, in going to town and for business. After the conveyance by Basilio to Mary he told his brother: ''Well, she gave money to buy the car; I don't know how much. . . . He gave the mortgage (sic) you know, half the ranch . . . half to Mary. . . . He gave him (sic) half the place and that is all, he didn't say anything else.''

The trial court was entitled to infer from this testimony that prior to the marriage Basilio and Mary agreed orally that she should have an interest in the ranch for ''investing'' her money in the ranch, that pursuant to such agreement Mary bought the automobile for use in the operation of the ranch, that Basilio recognized this as a performance of that agreement and conveyed to her a one-half interest in the ranch in consideration thereof.

██ The fact that the agreement was oral is immaterial in view of the fact that it was later fully executed. (*Estate of Piatt*, 81 Cal.App.2d 348, 351-353 [183 P.2d 919]; *Hussey* v. *Castle*, 41 Cal. 239, 242.) ██ The extent of the consideration is not important. The transfer is not a gift if it is based on any valuable consideration. (Civ. Code, § 1146; *Allied Architects' Assn.* v. *Payne*, 192 Cal. 431, 438-439 [221 P. 209, 30 A.L.R. 1029]; *Yosemite Stage etc. Co.* v. *Dunn*, 83 Cal. 264 [23 P. 369]; *Jameson* v. *Shepardson*, 83 Cal.App. 596, 602 [257 P. 157]; 9 Cal.Jur. Deeds, § 41, p. 140.)

Since all questions of fact are for the trial court all we need find is substantial evidence from which the trial court could reasonably draw the inferences necessary to support its findings. In view of the evidence it is not necessary to consider the effect of alleged conflicting disputable presumptions discussed by counsel.

Decree affirmed.

Nourse, P. J., and McComb, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.