[Civ. No. 6841. Fourth Dist. Oct. 26, 1962.]

Estate of DELLA F. BISHOP, Deceased. GORDON HOLMES BISHOP, as Executor etc., et al., Petitioners and Appellants, v. MARGARET DONOVAN et al., Claimants and Appellants.

Bradley & Bowman and George E. Bradley for Petitioners and Appellants.

McCabe & Schumacher, Harold A. McCabe and Rudolph Pacht for Claimants and Appellants.

COUGHLIN, J.—This is an appeal from a judgment determining heirship under a claim to succession based on the

provisions of section 229 of the Probate Code, the pertinent parts of which provide: "If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise, or bequest, . . . such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, . . ." (Prob. Code, §229.)

■■ A. D. Bishop and Della Bishop were married on October 12, 1908. At the time of marriage Mr. Bishop owned a 25-acre ranch which was his separate property, and is the subject of this proceeding. The trial court found, in substance, that at this time Mrs. Bishop owned some improved real property, which was her separate estate; that she sold the same; and that the proceeds of this sale were put into a home built on the ranch. A few years later, i.e., on July 11, 1914, Mr. Bishop, by grant deed, conveyed 22½ acres of the 25 acre ranch to Mrs. Bishop, including that part thereof upon which the home was situated, and retained 2½ acres. The deed in question was a form; as executed, was printed in part and handwritten in part; and recited that the grant was made in consideration of the sum of "Ten Dollars and other valuable considerations," the quoted portion being handwritten. Thereafter, a homestead was placed on that part of the ranch occupied by the home, which covered a plot of ground 250 feet by 200 feet in dimension.

Mr. Bishop also owned other separate property; sold a part thereof to one of his sons; caused some of it to be placed in the name of his wife and himself as joint tenants; conveyed other parts to other persons; transferred an interest in one parcel to his wife by deed which recited a consideration of $1.00; and conveyed another parcel to her by a deed which recited a consideration of love and affection.

In 1928 Mr. Bishop died. The 2½ acres which he retained from the 25 acre ranch became a part of his estate and was distributed to Mrs. Bishop and Mr. Bishop's sons by probate decree awarding the former a one-third interest therein and the latter a two-thirds interest. Subsequently Mrs. Bishop purchased the interest awarded to the sons and received from them a grant deed conveying the 2½ acres in question without any reference to their two-thirds interest therein. Thereafter, until her death, Mrs. Bishop managed the whole ranch, which was planted to citrus trees; supervised the workmen; arranged for cultivation of the grove; ordered fertilizer and spraying;

replaced some of the trees; planted eucalyptus trees; kept the records; and generally "ran it just like if she had been a man."

Mrs. Bishop did not remarry; died in 1958; left no issue; and did not dispose of the subject property by will. The executor of the estate of one of Mr. Bishop's sons filed the instant proceeding, and he, together with the children of other sons, filed statements of claim to a part of Mrs. Bishop's estate contending that they were entitled to succeed thereto by virtue of the provisions of section 229 of the Probate Code.

The trial court found and concluded that: (1) the 25-acre ranch was the separate property of Mr. Bishop; (2) the conveyance of 22½ acres therefrom to Mrs. Bishop was a gift; (3) one-half of that portion of the parcel so conveyed which had been homesteaded, i.e., the 250 foot by 200 foot home place site, was the separate property of Mr. Bishop, and one-half thereof was the separate property of Mrs. Bishop; (4) the remaining 2½ acres of the ranch were acquired by Mrs. Bishop from Mr. Bishop's sons; (5) that Mrs. Bishop's relatives were entitled to succeed to the 2½-acre parcel and a one-half interest in the home site; and (6) that Mr. Bishop's relatives were entitled to succeed to the 22½-acre parcel, less a one-half interest in the home site. Judgment was entered accordingly. Mrs. Bishop's relatives appealed from that part of the judgment in favor of Mr. Bishop's relatives, and the latter appealed from that part of the judgment in favor of the former.

Each side contends, in substance, that the evidence is insufficient to sustain the findings in favor of the other side. When such a contention is raised on appeal, if there is any substantial evidence, contradicted or uncontradicted, including any inferences reasonably deducible therefrom, which supports the findings, they will be sustained (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231] ; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689] ) ; it is presumed that all conflicts in the evidence, and between all reasonable inferences equally deducible therefrom, were decided by the trial court in favor of the prevailing party (*Estate of Schultz*, 54 Cal.2d 513, 518 [6 Cal.Rptr. 281, 353 P.2d 921] ; *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12] ) ; only substantial evidence will suffice to support a finding (*Dyer* v. *Knue*, 186 Cal.App.2d 348, 351 [8 Cal.Rptr. 753] ) ; to be substantial, evidence "must be of ponderable legal significance . . . reasonable in nature, credible, and of solid value" (*Estate of Teed*, 112 Cal.App.2d 638, 644 [247 P.2d 54] ; *Dyer* v. *Knue, supra,*

186 Cal.App.2d 348, 351); inferences based only on mere possibility, suspicion, speculation, imagination, guesswork, supposition, conjecture or surmise must be rejected (*DiSandro* v. *Griffith,* 188 Cal.App.2d 428, 435 [10 Cal.Rptr. 595]; *Krause* v. *Apodaca,* 186 Cal.App.2d 413, 418 [9 Cal.Rptr. 10]; *Estate of Kuttler,* 185 Cal.App.2d 189, 205 [8 Cal.Rptr. 160]; *Eramdjian* v. *Interstate Bakery Corp.,* 153 Cal.App.2d 590, 602 [315 P.2d 19]); and a finding will be set aside if the evidence in support thereof ''is so slight and tenuous that it does not create a real and substantial conflict.'' (*Fewel & Dawes, Inc.* v. *Pratt,* 17 Cal.2d 85, 89 [109 P.2d 650].)

Where the right of a person as an heir depends not only upon the fact of a designated relationship but also upon the status of property which he claims as heir, he has the burden of proving that status. (*Estate of Abdale,* 28 Cal.2d 587, 593 [170 P.2d 918]; *Estate of Rattray,* 13 Cal.2d 702, 705-706 [91 P.2d 1042]; *Estate of Anderson,* 142 Cal.App.2d 391, 392 [298 P.2d 105]; *Estate of Adams,* 132 Cal.App.2d 190, 196 [282 P.2d 190].) Section 229 of the Probate Code applies only to separate property of a predeceased spouse which came to a surviving spouse in the manner specified by the statute. As a consequence, in the instant proceedings, among other things, Mr. Bishop's relatives have the burden of proving that his separate property, which they claim as heirs, came to Mrs. Bishop by gift, descent or devise.

In essence, two parcels of property are involved; one being that described in the deed from Mr. Bishop to Mrs. Bishop, dated July 11, 1914, consisting of 22½ acres; and the other is the remaining 2½ acres which became a part of his estate upon death.

As to the first parcel, Mr. Bishop's relatives contend, and the court found, that Mrs. Bishop received the same as a gift. The evidence relied upon to establish this fact is the testimony of witnesses that they had no knowledge that Mrs. Bishop had been employed prior to or after marriage, or that she owned any separate property at the time of marriage; the testimony of one of Mr. Bishop's grandsons that, as he interpreted his father's statements to him, who in turn obtained the information from ''family gossip,'' his grandfather had said, apparently referring to Mrs. Bishop and the property in question, ''She got it away from him,'' and his further testimony that he was told that ''in the 1920's sometime'' his grandfather said to his father, referring to property thereafter transferred to the later, ''Come on, let's go down town

and get this deed transacted before I lose that too''; and the testimony of Mrs. Bishop's niece which, in substance, constituted a statement that she did not remember why Mr. Bishop conveyed the subject property to her aunt.

Under the record before us, this evidence is not sufficient to support the questioned finding.

The court rejected the testimony that Mrs. Bishop did not own any separate property at the time of her marriage, because it found that she did own such property at that time and that she invested the proceeds thereof in the home located on the 22½-acre parcel. This home was built after marriage but prior to execution of the deed in question. If, as contended by Mr. Bishop's relatives, the finding of a gift is based upon a further and implied finding that Mrs. Bishop had no separate property with which to make a purchase, the latter determination necessarily related to her separate property status as of the date of execution of the deed. The advancement of separate funds by a wife to her husband for investment in his separate property is presumed to be a loan, ''and imposes upon him the legal duty of returning it to her.'' (*McKay* v. *McKay,* 184 Cal. 742, 746 [195 P. 385] ; *Estate of Abdale, supra,* 28 Cal.2d 587, 593.) Therefore, it must be presumed that Mrs. Bishop loaned her separate funds to Mr. Bishop, and as there is no showing that this loan had been paid, or which accounts for its proceeds, the implied finding that she had no separate property at the time of the conveyance in question is not supported by the evidence.

 Furthermore, a valuable consideration is not limited to the payment of money or other material exchange; may be based on a promise; consist of the cancellation of a debt; or arise out of a waiver of rights; a transfer for such a consideration is not a gift (*Allied Architects' Assn.* v. *Payne,* 192 Cal. 431, 438 [221 P.2d 209, 30 A.L.R. 1029] ), and the extent thereof is not important (*Driscoll* v. *Driscoll,* 143 Cal. 528, 533 [77 P. 471] ; *Estate of Breschini,* 120 Cal.App.2d 154, 156 [260 P.2d 804] ), even though the recital of a mere nominal consideration in an instrument of transfer does not foreclose a finding that the transaction was a gift. (*Salmon* v. *Wilson,* 41 Cal. 595, 604; *Bertelsen* v. *Bertelson,* 49 Cal.App.2d 479, 484 [122 P.2d 130] ; *Pomper* v. *Behnke,* 97 Cal.App. 628, 636 [276 P. 122].) As a consequence, even assuming that Mrs. Bishop had no separate property at the time of the conveyance to her, this fact is not sufficient to support an inference that there was no consideration therefor.

(*Estate of Woolman,* 187 Cal.App.2d 573, 577 [9 Cal.Rptr. 648].)

The contention of Mr. Bishop's relatives that the testimony of his grandson respecting family gossip and what his father told him, and the testimony of Mrs. Bishop's niece regarding her knowledge of the reason for the conveyance, support an inference that Mrs. Bishop received the 22½-acre parcel from Mr. Bishop as a gift, is without merit. To draw such an inference from the testimony in question, under the circumstances of this case, would require indulgence in conjecture, surmise, speculation, imagination and guesswork. This type of evidence is not of that substantial character required by the rules heretofore stated.

Opposed to such tenuous testimony is the fact that by virtue of the provisions of section 1614 of the Civil Code declaring a written instrument to be presumptive evidence of a consideration (Civ. Code, § 1614), execution of the subject deed carried with it the statutory declaration that the transfer effected thereby was presumed to have been for a consideration and not as a gift. (*Driscoll* v. *Driscoll, supra,* 143 Cal. 528, 533 [77 P. 471]; *Estate of Hobart,* 82 Cal.App.2d 502, 509 [187 P.2d 105]; *Belletich* v. *Belletich,* 40 Cal.App.2d 732, 735 [105 P.2d 954].)

Mr. Bishop's relatives contend that, in any event, the questioned finding is supported by a presumption that every transfer of property from a husband to a wife is deemed to be a gift. The opinions in *Dunn* v. *Mullan,* 211 Cal. 583, 589 [296 P. 604, 77 A.L.R. 1015], *Rice* v. *Ransom,* 186 Cal. App.2d 191, 194 [8 Cal.Rptr. 840]; *Estate of Riley,* 157 Cal. App.2d 323, 326 [320 P.2d 932]; *Estate of Horn,* 102 Cal.App. 2d 635, 641 [228 P.2d 99]; *Estate of Nelson,* 104 Cal.App. 613, 620 [286 P. 439]; *Donze* v. *Donze,* 88 Cal.App. 769, 772 [264 P. 294], contain statements indicating the existence of such a presumption. However, in those cases, the issue at hand was whether particular property was the separate property of the wife, and the statements therein that the transfer of property by or on behalf of a husband to his wife is presumed to be a gift were dicta. On the other hand, in *Ayoob* v. *Ayoob,* 74 Cal.App.2d 236, 254 [168 P.2d 462], the court held that any transfer of a husband's property resulting from his naming her beneficiary in a policy of insurance was presumed to be made as a gift rather than in payment of his debt to her. In all of these cases, however, the presumption was invoked in favor of the wife, or those claiming under her, in a controversy

with her husband, or those claiming under him, so as to place upon the latter the burden of producing proof that the transfer in question did not, in fact, vest in her his total interest in the property transferred, or that the transaction resulting in such transfer diminished her rights against him in any way, or imposed upon her any obligation in his favor. These circumstances do not exist in the instant case. A presumption may be invoked only when "the evidence sufficiently establishes a sphere or field within which [it] . . . can operate." (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540, 555 [299 P. 529]; *Estate of Roberts,* 49 Cal.App.2d 71, 80 [120 P.2d 933].) As the sphere of operation for the presumption in question is not presented by the facts in this case, it is inapplicable.

 Furthermore, assuming that such presumption would apply to the case at bar, it may not be relied upon by Mr. Bishop's relatives because it is inconsistent with uncontradicted evidence introduced by them in proof of their case. They offered in evidence the deed from Mr. Bishop to Mrs. Bishop which contained a recital that the transfer effected thereby was for "Ten Dollars and other valuable considerations." An inquiry into the effect of this recital presents a number of questions not argued by the parties and not decided herewith. For example, they have assumed that it is subject to contradiction and for the purpose of this decision we have accepted this assumption, although its correctness may be seriously questioned in view of the particular circumstance of this case.[1] In any event, the recital constituted a declaration by the grantor respecting the nature of the transaction under review. (*Long* v. *Dollarhide,* 24 Cal. 218, 224; *Galland* v.

---

[1] Ordinarily whether a deed is one of gift or for a consideration has no effect upon the kind of estate transferred. (See 15 Cal.Jur.2d 443; 4 Tiffany, Real Property (3d ed.) p. 67.) As a consequence, a recital therein respecting the receipt of a consideration is not related to the quality of that estate. For this reason, such a recital is not subject to the rule precluding its contradiction by parol evidence. (*Winchester* v. *Winchester,* 175 Cal. 391, 393-394 [165 P. 965]; *Treat* v. *Treat,* 170 Cal. 329, 336 [150 P. 53]; *Carty* v. *Connolly,* 91 Cal. 15, 19 [27 P. 599]; cf. 15 Cal.Jur.2d 448; 4 Tiffany, Real Property (3d ed.) pp. 70, 73.) On the other hand, where the nature of the title relied upon is affected by the fact that it was conveyed as a gift or for a consideration, the recitals respecting this fact in the deed conveying it are related to the quality of the property transferred thereby and may not be contradicted. (*Winchester* v. *Winchester, supra,* 175 Cal. 391, 394; *Treat* v. *Treat, supra,* 170 Cal. 329, 336; *Arnold* v. *Arnold,* 137 Cal. 291, 296-297 [70 P. 23]; *Feeney* v. *Howard,* 79 Cal. 525, 530 [21 P. 984, 12 Am.St. Rep. 162, 4 L.R.A. 826]; *Brison* v *Brison,* 75 Cal. 525, 532 [17 P. 689, 7 Am.St.Rep. 189]; *Russ* v. *Mebius,* 16 Cal. 350, 356; *Yates* v. *Burt,*

58

*Jackman,* 26 Cal. 79, 86 [85 Am.Dec. 172]; *Black Eagle Oil Co.* v. *Belcher,* 22 Cal.App. 258, 263 [133 P. 1153].) Even assuming that the admission into evidence of such a declaration was subject to objection as hearsay, nevertheless, being admitted without objection, it became competent evidence of the facts recited. (*McVey* v. *McVey,* 132 Cal.App. 2d 120, 123 [281 P.2d 898]; *Vartanian* v. *Croll,* 117 Cal. App.2d 639, 647-648 [256 P.2d 1022]; *Murray* v. *San Leandro Rock Co.,* 111 Cal.App.2d 641, 647 [245 P.2d 347]; *Fallon* v. *Fallon,* 86 Cal.App.2d 872, 873 [195 P.2d 878]; *Falk* v. *Falk,* 48 Cal.App.2d 780, 789 [120 P.2d 724].) This evidence is inconsistent with the presumption relied upon; as heretofore noted, is not contradicted by any substantial evidence; and, under established rules, as a matter of law, dissipates any presumption that the transfer was a gift. (*Chakmakjian* v. *Lowe,* 33 Cal.2d 308, 313 [201 P.2d 801]; *Estate of McConnell,* 6 Cal.2d 493, 499 [58 P.2d 639]; *Smellie* v. *Southern Pac. Co., supra,* 212 Cal. 540, 552, 553; *Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1, 8-9 [210 P. 269].)

 Mr. Bishop's relatives also claim that the deed in question is presumed to have been made for an insufficient consideration because of the fiduciary relationship between husband and wife; that this presumption supports the finding

---

161 Mo.App. 267 [143 S.W. 73]; *Kern* v. *Gardner,* 26 Ohio App. 48 [159 N.E. 840, 841].) In *Winchester* v. *Winchester, supra,* 175 Cal. 391, 394, the court considered the admission of evidence to contradict the recital in a deed as to the consideration therefor, and said that ''evidence of this character cannot be allowed, in the case of a deed, 'when thereby the legal operation of the instrument to pass the entire interest *according to the purpose therein designated would be defeated.*' '' (Italics ours.)

In Ohio the rule ''is well settled that for the purpose of descent and distribution when a deed contains a recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase, and it is not competent to show by parole evidence that it was in fact a deed of gift in order to change the line of descent.'' (*National Bank of Lima* v. *Allen,* 65 (Ohio L. Abs. 27), [104 N.E.2d 469, 472].) This conclusion results from a determination that the character of a deed, such as the one at bar, as to whether it was one of gift or for a consideration, is related to the quality of the property transferred as ancestral, i.e., subject to inheritance under the provisions such as those contained in section 229 of the Probate Code; the recital therein acknowledging receipt of valuable considerations identifies its character and, in turn, relates to the quality of the property conveyed thereby; as a consequence, under the aforestated rules, this recital is not subject to contradiction. (*Patterson* v. *Lamson,* 45 Ohio St. 77 [12 N.E. 531, 534]; *Thiessen* v. *Moore,* 105 Ohio St. 401 [137 N.E. 906, 910].) The rule in Missouri is in accord. (*Yates* v. *Burt,* 161 Mo.App. 267 [143 S.W. 73, 74-75].)

We do not wish our opinion to inferentially indicate a belief that the recital in question is subject to contradiction under the facts of this case, and make the foregoing observations for this reason.

of a gift; and cite section 2235 of the Civil Code in support of this contention. ■ There is a distinction between a valuable consideration and a sufficient consideration; the former may exist even though the latter does not (*Golson* v. *Dunlap*, 73 Cal. 157 [14 P. 576]); and, as the presumption arising from section 2235 would tend to prove only the lack of a sufficient consideration, rather than the lack of any consideration, it would not support a finding that the subject transfer was a gift. (*Metropolis Trust & Sav. Bank* v. *Monnier*, 169 Cal. 592 [147 P. 265].) ■ In addition, the presumption in question is intended for the protection of the parties to the fiduciary relationship (*Papineau* v. *Security-First Nat. Bank*, 6 Cal.2d 668, 670 [59 P.2d 131]), and, for this reason, is not applicable to the instant case because the controversy here is not between Mr. Bishop and Mrs. Bishop, or their successors, but between persons who claim to be heirs of Mrs. Bishop.

As to the 2½-acre parcel, Mrs. Bishop's relatives contend, and the court found, that she acquired the same from Mr. Bishop's sons and, for this reason, it was not subject to disposition under section 229. In applying the provisions of that section the courts have endeavored to effect disposition of property on the basis of its source. (*Estate of Abdale, supra*, 28 Cal.2d 587, 590-591.) ■ If the predeceased spouse was the source of title held by the surviving spouse at the time of the latter's death, distribution is made to the relatives of the predeceased spouse. On the other hand, even though the property originally may have been owned by the predeceased spouse, from whom it was obtained by the surviving spouse in the manner designated by the statute, i.e., gift, descent, devise, etc., if the latter at the time of death owned the property by virtue of an intervening source, i.e., "a new title," distribution is made to the relatives of the surviving spouse. (*Estate of Abdale, supra*, 28 Cal.2d 587, 591; *Estate of Putnam*, 219 Cal. 608 [28 P.2d 27]; *Estate of Flood*, 55 Cal.App.2d 410 [130 P.2d 811].) ■ Mrs. Bishop's heirs claim that the source of her title to the 2½ acres, at the time of her death, was the deed which she received from Mr. Bishop's sons in culmination of her purchase from them. However, the evidence shows without dispute that at the time of execution of this deed Mrs. Bishop was the owner of a one-third interest in this parcel by virtue of a decree of distribution in Mr. Bishop's estate. This one-third interest was received by "descent," and was subject to the provisions of section 229. The remaining two-thirds interest was distributed to his sons who, by their

deed, transferred it to Mrs. Bishop, thereby creating a new source of title as to that interest, which was not subject to succession under the provisions of section 229. Obviously, the finding that the deed from the sons created a new source of title in Mrs. Bishop as to both the one-third and the two-thirds interests is not sustained by the evidence.

In support of the finding as made, Mrs. Bishop's relatives further contend that, by executing the deed in question, Mr. Bishop's sons transferred not only their two-thirds interest in the 2½-acre parcel but also the right which they or their sons might have under section 229 to inherit the one-third interest therein, and cite the decisions in *Estate of Anderson*, 160 Cal.App.2d 552 [325 P.2d 670] and *Estate of Wilson*, 40 Cal.App.2d 229 [104 P.2d 716], as authority for this position, but these cases clearly are inapplicable to the facts at hand. Two of the three sons predeceased Mrs. Bishop; the deed merely described the 2½-acre parcel; she already owned a one-third interest therein and the sons' ownership was limited to a two-thirds interest; no mention is made of any right of inheritance; and there is no evidence from which the court could have concluded that the grantors intended that the deed should affect any right to inherit from the grantee's estate. The contention to the contrary is without merit. (See *Sears v. Rule*, 27 Cal.2d 131, 143, 145 [163 P.2d 443].)

Mr. Bishop's relatives claim that the purchase of the two-thirds interest by Mrs. Bishop did not constitute a new source of title thereto; that the only property she owned was the separate property of her husband which she had acquired by gift, descent or joint tenancy termination; that she had inherited no estate except from him; that she had no income except from that property; that, therefore, the purchase in question must have been made with funds consisting of the rents, issues, profits or proceeds from such property; that property purchased by such funds retained the character of the property from which they came; that, through these funds a part of the property which she had acquired from her husband was transmitted into a two-thirds interest in the 2½-acre parcel which is part of her estate; and cite the decisions in *Estate of Rattray*, 13 Cal.2d 702, 707 [91 P.2d 1042], *Estate of Jolly*, 196 Cal. 547, 556 [238 P. 353], *Estate of Brady*, 171 Cal. 1, 4-7 [151 P. 275], and *Estate of Adams*, *supra*, 132 Cal.App.2d 190, 202, in support of the legal premise upon which they rely. The fallacy of their contention lies in the factual assumptions that all of Mrs. Bishop's property

came to her from Mr. Bishop by gift, descent or joint tenancy termination, and that none of the rents, issues and profits which she received from the property were due to her personal activity, ability or capacity. As to the former, the evidence does not establish that the 22½-acre conveyance was a gift. With respect to the latter, the court made no finding.

Where the separate property of a predeceased spouse came to a surviving spouse under conditions making it subject to the provisions of section 229, any increase in the value thereof which is due to the personal activity, ability or capacity of the latter, through services rendered after death of the former, is not subject to succession under those provisions. (*Estate of Adams, supra,* 132 Cal.App.2d 190, 202; see *Estate of Brady, supra,* 171 Cal. 1, 3.) The application of this rule to services allegedly rendered by Mrs. Bishop in the operation and management of the ranch, assuming that any part thereof is determined to be subject to succession under section 229, involves a variety of issues which need not be anticipated and ruled upon in this decision.

The trial judge orally indicated his intention to find that the homestead parcel, viz., the 250 foot by 200 foot plot upon which the home was built, was community property of the parties. With respect to this determination he said: "I will be frank in stating that I may be making an error in this regard . . ." In his written findings he found this parcel to be the separate property of the parties, and that each owned a one-half interest therein. In either event, he made an error. The fact that Mrs. Bishop advanced money to her husband which he put into a home on his property, under the circumstances of this case, does not justify the conclusion reached.

There are other contentions raised by the parties respecting other issues in this case but, as they are related to findings made by the court and the status of the evidence upon which those findings are based, in view of the fact that a new trial must be had herein no purpose would be served in reviewing them.

The judgment is reversed and a new trial ordered as to all issues. Neither party to recover costs on appeal.

Griffin, P. J., and Shepard, J., concurred.

Application of petitioners and appellants for a hearing by the Supreme Court was denied December 19, 1962. Schauer, J., was of the opinion that the petition should be granted.